UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **CLEAR BLUE INSURANCE COMPANY,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WALTER SCOTT PALLADINO,**<br><br>    **Defendant.** | **3:22-CV-00418-GCM** |

## ORDER

Plaintiff Clear Blue Insurance Company ("CBI") and Defendant Walter Scott Palladino ("Mr. Palladino"), by their respective counsel, have agreed upon and now consent to the entry of a Temporary Restraining Order ("Consent TRO") with regard to CBI's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") pursuant to the terms set forth herein:

1. CBI asserts that Mr. Palladino resigned from CBI in early August 2022, is now employed by CBI's direct competitor, and has misappropriated CBI's trade secrets and wrongfully acquired confidential, proprietary, and sensitive business documents.

2. CBI further asserts that, in so doing, Mr. Palladino downloaded approximately 10,023 documents to his work laptop from CBI's SharePoint storage in the weeks prior to resigning, and those documents (the "Documents") are referenced in the Complaint. CBI believes that Mr. Palladino transferred copies of the Documents for his personal use on behalf of his new employer.

3. Mr. Palladino generally denies CBI's allegations and asserts that (a) he does not recall downloading a significant volume of documents from the company SharePoint server on or about the dates identified by CBI, (b) whatever documents were downloaded to the company laptop were either deleted prior to his departure or remain on the laptop, which Mr. Palladino

returned to CBI on or before his last date of employment, and he did not take or transfer them anywhere else, (c) he did not transfer confidential or proprietary information of Clear Blue from his company laptop to his iCloud storage or anywhere else in June, July, or August 2022, (d) he did not take any confidential or proprietary documents from his company laptop with him when he left employment, and (e) he has not shared with or transferred to his new employer any such documents.

4. CBI and Mr. Palladino agree to retain a neutral forensics expert ("Forensics Expert") to evaluate whether Mr. Palladino has transferred any copies of the Documents to a location or device in his possession, custody, or control or otherwise currently maintains or has maintained copies of any of the Documents on his personal devices, cloud storage accounts, or personal Yahoo email account at any time between June 1, 2022 and the present.

5. CBI and Mr. Palladino agree to work together in good faith to select and retain the Forensics Expert by no later than Friday, August 26, 2022.

6. CBI and Mr. Palladino agree to share equally all fees, costs, and expenses incurred from the Forensics Expert up to $15,000 ($7,500 from each Party). If the forensics costs will exceed that amount, the parties will have good faith discussions about narrowing the forensic review and/or funding the additional expenses. If, after such good faith discussions, the parties cannot reach an agreement either party may submit the issue for determination by the Court.

7. By no later than one business day following the parties' selection of the Forensics Expert, Mr. Palladino will provide the Forensics Expert full access to any (i) personal digital devices, including all his personal cell phone(s), personal tablets (if any), home computer, laptop (if any), USB drives (if any), and external hard drives (if any) that he has used or accessed since

March 1, 2022 ("Personal Devices") and (ii) cloud storage services and accounts, including (but not necessarily limited to) his two-terabyte iCloud storage ("Cloud Accounts").

8. Mr. Palladino's attorneys will (a) conduct a review of emails associated with scottpalladino@yahoo.com, from March 1, 2022 and the present, to or from (i) anyone known to them, after a reasonable inquiry, to be an employee, officer, or affiliate of Obsidian Specialty Insurance Company (including without limitation William Jewett, Craig Rappaport, and Emily Canelo) and (ii) Mr. Palladino's son, Alec Palladino; (b) determine whether any such emails contain any of the Documents or descriptions of any of their non-public contents or discussions about downloading or copying the Documents; (c) provide a signed Declaration (pursuant to 28 U.S.C. § 1746) not later than September 16, 2022 stating whether any such Documents were found or described in the emails, and (d) provide not later than September 16, 2022 copies of any emails that include such Documents or descriptions.

9. By no later than August 29, 2022, CBI will provide Mr. Palladino and his counsel with copies of forensic reports previously conducted by CBI of the SharePoint downloads as well as forensic reports previously conducted by Reliance of Mr. Palladino's former work laptop. CBI reserves the right to produce redacted reports if client names are listed in the reports, but an unredacted version would be made available on an "attorneys' eyes only" basis.

10. After review of the forensic reports described above, Mr. Palladino may elect to add his former work laptop, the Company OneDrive account used by Mr. Palladino during his employment, and the data concerning the SharePoint downloads to the review to be conducted by the Forensics Expert. If Mr. Palladino elects to do that, CBI shall, within 3 business days after receiving notice of such election, provide the Forensics Expert with full access on Clear Blue's premises (or other suitable premises designated by Clear Blue) to (i) the image that was recently

3

taken of the former work laptop; (ii) the One Drive account used by Mr. Palladino during his employment; and (iii) the electronic media, systems, software, and storage necessary for the Forensic Expert to gather information about the alleged downloads from SharePoint. The Forensic Expert will determine if an image of the One Drive account and the SharePoint data is required and will produce a report similar to those he will produce in connection with his review of Mr. Palladino's personal devices. Between now and October 31, 2022, CBI will not modify, delete, or overwrite documents or information from, or otherwise alter the information in the image of the former work laptop, and will not knowingly modify, delete, or overwrite documents or information from, or otherwise alter the information on the One Drive account or any data concerning the alleged downloads from SharePoint.

11. By Wednesday, August 31, 2022, CBI will provide Mr. Palladino with a list of networks that his CBI laptop accessed between June 1, 2022 and August 1, 2022, and – within 7 days thereafter – Mr. Palladino will identify the location and owner of each such network to the extent that he knows such information.

12. Mr. Palladino will provide a declaration (pursuant to 28 U.S.C. § 1746) by no later than Friday, September 2, 2022, that:

    (a) he has no Personal Devices or cloud storage accounts capable of receiving/holding the Documents, other than those he is identifying and providing to the Forensics Expert;

    (b) since submitting his Declaration to the Court dated August 23, 2022, he has inspected whether he has any cloud storage accounts in addition to the iCloud storage and will report to the Forensics Expert any additional cloud storage accounts that he has;

(c) he has not shared, transferred, sent, or provided (or attempted to) any of the Documents to/with his current employer or any other entity or individual, including (but not limited to) colleagues, family members, or friends;

(d) since June 1, 2022, he has not stored, uploaded, emailed, synced, sent, or transferred by any method any Documents to any Cloud Account, including (but not limited to) his iCloud account;

(e) he did not delete, destroy, or hide any copies of the Documents from any of his Personal Devices or Cloud Accounts; and

(f) to the best of his knowledge and recollection, other than clearing the browser history, he did not intentionally delete or modify the "Activity History" or "Activity Log" and did not run any software designed to obscure history or clean the registry on his CBI laptop, and since August 10 on his Personal Devices.

13. The Forensics Expert will image (*i.e.*, make a copy of) all the contents of Mr. Palladino's Personal Devices and Cloud Accounts, except for files with file extensions .jpg, .png, and .gif if such files can easily be excluded from an image. If they cannot be excluded from an image, they will be excluded from any searches and reports by the Forensics Expert. In addition, Mr. Palladino may exclude from the image (or, if not capable of being reasonably excluded from any image, from any searches and reports by the Forensic Expert) documents of a clearly personal nature such as communications between him and his counsel, accountant, spouse and/or children, medical information, documents that contain social security, bank account, or other such financial information, church or religious documents and information, children's school records and documents, or documents created by, authored by, or that primarily concern his spouse or children.

5

Notwithstanding the foregoing, communications between Mr. Palladino and his son, Alec Palladino, will not be excluded from the searches.

14. The Forensics Expert will run searches, based on search terms agreed to by the parties and generally designed to locate evidence of the past or current presence, transfer, or deletion of the Documents between June 1, 2022 and the present.

15. By providing these devices, documents, data, and information, to the Forensics Expert, neither party waives any claim or right to any privilege, including without limitation, attorney-client / work product privilege, spousal privilege, doctor-patient privilege, or penitent privilege.

16. The Forensics Expert shall not provide any media, documents, data, or information received from the one party to the other party (except in his reports) or to any other third-party without an order from this Court or a joint written request from the parties. The Forensic Expert shall also not publicly disclose this information or use it for his own benefit. Unless otherwise ordered by the Court, all documents, data, or information shall be returned to the party who provided it to the Forensics Expert at the conclusion of this matter.

17. The Forensics Expert will jointly communicate with counsel for both parties as it relates to this matter and will not engage in communications solely with one party.

18. Each party is entitled to one deposition between now and October 31, 2022, and the parties agree to determine deposition dates in good faith.

    (a) CBI is entitled to one deposition of Mr. Palladino. The parties have agreed that CBI is able to depose Mr. Palladino first should it choose.

    (b) Mr. Palladino is entitled to one Rule 30(b)(6) deposition of CBI.

19. To the extent required by Federal Rule of Civil Procedure 65, the Parties waive any further express findings of fact and conclusions of law necessary for entry of this Consent TRO, and the Parties agree to be bound by the terms of this Order.

**WHEREFORE**, the Court finds that the agreement among the parties is reasonable, is supported and justified by the facts, and with consent of the parties does **ORDER** a Consent Temporary Restraining Order during the pendency of this action as follows:

1. The parties will abide by their agreements set forth above;

2. Mr. Palladino is enjoined from using, disclosing, transferring, and/or deleting any of the Documents or copies thereof for any reason for the duration of this Consent Temporary Restraining Order;

3. No bond is necessary in relation to this Consent Temporary Restraining Order; and

4. The Court will hold a preliminary injunction hearing at 10:30 am on October 31, 2022, after which the Consent Temporary Restraining Order will no longer remain in effect unless otherwise ordered.

**IT IS SO ORDERED**

Signed: August 26, 2022

Graham C. Mullen
United States District Judge